David HOOVER, Petitioner-Appellant,

v.

The STATE OF NEW YORK,
Respondent-Appellee.

No. 139, Docket 79–2055.

United States Court of Appeals,
Second Circuit.

Argued Sept. 11, 1979.

Decided Oct. 12, 1979.

David Blackstone, New York City, for petitioner-appellant.

Charles S. Kleinberg, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., George D. Zuckerman, Asst. Sol. Gen., New York City, of counsel), for respondent-appellee.

Before LUMBARD, FRIENDLY and GURFEIN, Circuit Judges.

PER CURIAM:

Petitioner-appellant David Hoover appeals from an order entered on March 28, 1979 by the District Court for the Southern District of New York, John M. Cannella, *Judge*, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because he had not been properly apprised of all elements of the crime to which he had pleaded guilty. Judge Cannella decided that appellant had waived his right to complain on this score by failing to raise the point in the New York courts in his direct appeal from the judgment of conviction, but granted a certificate of probable cause.

Appellant pled guilty on May 16, 1973 in New York State Supreme Court, Bronx County (Tonetti, J.) to one count of robbery in the first degree, a Class B felony in Indictment No. 1018/1973 in satisfaction of this and seven other pending indictments which contained ninety-one counts.

The crime of robbery in the first degree is defined in New York Penal Law § 160.15 in pertinent part as follows:

A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:

1. Causes serious physical injury to any person who is not a participant in the crime; or

2. Is armed with a deadly weapon; or

3. Uses or threatens the immediate use of a dangerous instrument; or

4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm  .   .   .

The maximum sentence for robbery in the first degree is an indeterminate term of 8⅓ to 25 years imprisonment. New York Penal Law § 70.00(2)(b), (3)(b). The crime of robbery in the second degree does not require a threat to use a dangerous weapon, is a Class C felony, and carries a maximum sentence of 5 to 15 years. New York Penal Law §§ 160.10,[1] 70.00(2)(c), (3)(b).

On the allocution by Justice Tonetti, appellant was asked whether he admitted that "on January 13, 1973, together with [his] co-defendants [he] forcibly stole property from one Ansel Grau." Although the indictment charged that the appellant was "armed with and used and threatened the immediate use of a dangerous instrument, to wit, knives," he was not asked whether he admitted this particular allegation. Justice Tonetti sentenced Hoover to the maximum term authorized for robbery in the first degree. After sentence was imposed, counsel moved to withdraw the guilty plea on the ground that the court had conditionally agreed to impose less than the maximum sentence. The court categorically denied that any such agreement had been made and denied the motion.

Appellant appealed to the Appellate Division, First Department on four grounds, none of which was that he was improperly sentenced for the commission of robbery in the first degree though he had not been informed of or admitted an essential ele-

ment of that Class B felony.[2] The Appellate Division unanimously affirmed the conviction on March 3, 1975, and leave to appeal to the Court of Appeals was denied on May 2, 1975.

On June 17, 1976 the United States Supreme Court decided *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) holding that a plea of guilty to second degree murder without adequate notice to the defendant that he was admitting an essential element of that offense, intent to cause death, was involuntary and that the judgment of conviction was entered without due process of law.

In December 1976 Hoover filed a *pro se* motion to vacate the judgment of conviction in the Supreme Court, Bronx County, and for assignment of counsel. Although Hoover based his attack on the failure of the trial judge to inform him of all the material elements of the crime of robbery in the first degree, he did not cite the decision in *Henderson v. Morgan, supra,* but relied instead on state decisions.

The motion was answered by two affirmations of the prosecution, each contending that Hoover had forfeited his right to present his claim because of his "unjustified" failure to raise the issue on his direct appeal. N.Y.Crim.Proc.L. § 440.10(2)(c).[3] In neither of these affirmations did the

---

1. Section 160.10 reads:

A person is guilty of robbery in the second degree when he forcibly steals property and when:
1. He is aided by another person actually present; or
2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
(a) Causes physical injury to any person who is not a participant in the crime; or
(b) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.

Robbery in the second degree is a Class C felony.

2. The four points on which appellant relied were: (1) the court improperly denied appellant's motion to withdraw his plea of guilty, because of either a breach of the plea agreement or a "grave misunderstanding"; (2) the court improperly refused to adjourn the sen-

tencing which had occurred in an atmosphere of highly prejudicial publicity; (3) appellant's plea of guilty was invalid because he was not informed that by pleading guilty he was thereby waiving his privilege against self-incrimination; and (4) the sentence was excessive.

3. Section 440.10(2) provides that "the court must deny a motion to vacate a judgment when:"

Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

State refer to the *Morgan* decision which had come down only after Hoover's direct appeal had been decided. On January 12, 1977 Justice Tonetti denied Hoover's post-judgment motion on the procedural default ground urged by the State.

On February 10, 1977 Hoover filed a *pro se* motion for a certificate granting leave to appeal to the Appellate Division. Hoover contended simply that he should not be bound by his lawyer's mistakes; the State contended that he should be. No one informed the court that Hoover might have had a "justifiable" excuse for not making his point on his direct appeal, either on the ground that there was no adequate record on which he could have made the point then, or that under the state of the law before *Morgan*, an effort to rely on its doctrine would have been futile. The Presiding Justice of the Appellate Division, Hon. Francis T. Murphy, Jr., denied leave to appeal.

In May, 1977, Hoover petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York, *pro se*, contending that his guilty plea was constitutionally defective because the material elements of the crime to which he plead guilty had not been explained to him at the hearing for the entry of the guilty plea. Once more, Hoover failed to cite the *Morgan* case in support of his claim. However, the deputy assistant attorney general alerted the district judge to the *Morgan* decision in his opposing papers and sought to distinguish *Morgan* from Hoover's case.

On January 3, 1978 Judge Cannella referred the matter to United States Magistrate Bernikow to conduct an evidentiary hearing and to make findings of fact and recommendations. The hearing established, as the record of the allocution naturally had not, the essential fact that Hoover had not otherwise learned, e. g., through his counsel, that he had been charged with use or threatened use of knives, an essential element of the crime of first degree robbery. On February 5, 1979 Magistrate Bernikow filed a report and recommendation to grant the petition for a writ of habeas corpus.

The Attorney General of New York filed objections to the report on February 16, 1979, citing *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and arguing that Hoover had waived his right to challenge the constitutionality of his guilty plea by federal habeas corpus since he had failed to raise the issue on his direct appeal. The Attorney General also argued that *Morgan* was distinguishable. Hoover's position was that existing New York law would have made it futile to raise the *Morgan* point on his direct appeal. Judge Cannella, after a conscientious review of the New York cases, decided that "petitioner has failed to establish a sufficient 'cause' for the procedural default which barred consideration of the merits of his claim in the state courts and foreclosed review in this forum."

■ We do not find it necessary to discuss the question of "waiver" in the terms considered by the district court, since at the time of the state appeal there was not an adequate record upon which appellant could have made his claim that *no one* had informed him that his plea to first degree robbery involved an admission that he had used or threatened immediate use of a deadly weapon, a knife. The record showed that the judge had not advised Hoover of an essential element of first degree robbery, but did not show that Hoover had not learned this from other sources, notably his lawyer. The fact remains, however, that Hoover has never properly presented the *Morgan* point to the state courts or explained to them that deficiencies in the record precluded him from raising the point on direct appeal. The exhaustion principle requires that this be done even if the availability of state collateral relief is not utterly clear. See *Wilson v. Fogg*, 571 F.2d 91, 95 (2 Cir. 1978); *Cameron v. Fastoff*, 543 F.2d 971, 978 (2 Cir. 1976). Any anxieties we might otherwise have about requiring further state court proceedings are diminished by the fact that, in response to a suggestion made by us at oral argument, the Attorney General now specifically

agrees that the State will waive any defense of "unjustifiable failure" under N.Y. Crim.Proc.L. § 440.10.

The order dismissing the writ is therefore affirmed.