**Joseph WILSON, Petitioner-Appellant,**

v.

**Walter FOGG, Superintendent, Green Haven Correctional Facility, Respondent-Appellee.**

**No. 291, Docket 77–2089.**

United States Court of Appeals, Second Circuit.

Argued Nov. 15, 1977.

Decided Jan. 19, 1978.

Amanda Potterfield, New York City (Prisoners' Legal Services of New York,

New York City, Pierce Gerety, Jr., on the brief), for petitioner-appellant.

David L. Birch, Asst. Atty. Gen., State of New York, New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for respondent-appellee.

Before LUMBARD, MULLIGAN and TIMBERS, Circuit Judges.

MULLIGAN, Circuit Judge:

The appellant, Joseph Wilson, was convicted of burglary and robbery after a jury trial in Supreme Court, New York County, before the Hon. Morris Spector, in December 1972. He was given an indeterminate sentence with concurrent terms of five to fifteen years for burglary and two and one third to seven years for robbery. Appellant is presently incarcerated in the Green Haven Correctional Facility where he is serving these sentences. Wilson's conviction was affirmed without opinion by the Appellate Division, 51 A.D.2d 1105 (1st Dep't 1976) and the New York Court of Appeals denied leave to appeal, 39 N.Y.2d 842, 386 N.Y.S.2d 1035, 352 N.E.2d 148 (1976). Wilson subsequently petitioned the United States District Court for the Southern District of New York on December 21, 1976 for a writ of habeas corpus, claiming that the trial court's decision to proceed to trial in his absence while he was in custody in lieu of bail, violated his rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. The petition was dismissed by Judge Richard Owen on the merits in a memorandum and order dated June 17, 1977. This appeal followed.

Our disposition of this case makes it unnecessary to repeat the facts in any detail or to make any comment upon the merits of the decision below. It is sufficient to note that Wilson moved in the state criminal action to relieve his trial attorney at a point when his counsel was ready to go to trial; new counsel was appointed and when the case was moved for trial, Wilson became disruptive in the courtroom. When the case was finally scheduled for trial on December 7, 1972, Wilson allegedly refused to leave his cell to come to the courtroom. The trial judge directed that the trial proceed in his absence. The District Court found that Wilson had knowingly and voluntarily waived his right to be present during his trial by his deliberate decision not to appear despite continued orders and invitations by the court both before and during the proceedings. We find it unnecessary to rule on the merits here because it is elementary under *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), that a state prisoner who petitions for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust his state remedies.[1] Where a petitioner has raised his claim in the state court solely as a violation of a state statute and not on the basis of an invasion of his federal constitutional rights, dismissal by the federal court is mandated.

As the Court stated in *Picard v. Connor, supra*:

The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state

1. Title 28 U.S.C. § 2254 provides in pertinent part:

 (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

 (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

courts with the *same claim* he urges upon the federal courts.

Id. at 276, 92 S.Ct. at 512 (emphasis supplied).

This court has consistently applied the rule of *Picard v. Connor, supra,* and required the petitioner to present "the state courts with the *same claim* he urges upon the federal courts." *United States ex rel. Nelson v. Zelker,* 465 F.2d 1121, 1124 (2d Cir.), cert. denied, 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 497 (1972) (emphasis in original); see *United States ex rel. Gibbs. v. Zelker,* 496 F.2d 991, 994 (2d Cir. 1974). See also *Gates v. Henderson,* 568 F.2d 830 (2d Cir. 1977) (en banc); *Cameron v. Fastoff,* 543 F.2d 971 (2d Cir. 1976).

■ As Judge Meskill pointed out in *Fielding v. Le Fevre,* 548 F.2d 1102, 1106 (2d Cir. 1977):

> This is not a formal hurdle placed in the way of meritorious claims, but an essential element of federalism in the administration of criminal justice. The state courts must be afforded an opportunity to set their own Constitutional houses in order before the power of the federal courts is invoked. See Note, Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1094 (1970). That policy is especially strong when as here, the conduct of a state judge is sharply and directly called into question. *United States ex rel. Nelson v. Zelker,* 465 F.2d 1121, 1124–25 (2d Cir.), cert. denied, 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 497 (1972).

Aside from the deference owing to the state court,[2] especially in an instance where, as here, the propriety of the actions of the state trial judge is in issue, we are not unmindful that habeas petitions are often brought by state prisoners years after the events alleged to create constitutional violations have transpired. Inadequate records and dimmed memories thwart and frustrate an appropriate determination. Cf. *Schneckloth v. Bustamonte,* 412 U.S. 218, 263, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (Powell, *J.,* concurring). It is clearly in the interest of the prisoner and the public that the constitutional arguments initially be raised in timely fashion through the state trial and appellate process.

■ Here, of course, the attack is upon the New York State Supreme Court trial judge, Hon. Morris Spector, who allegedly violated petitioner's constitutional rights by holding Wilson's trial *in absentia* when the defendant had not been advised that his trial had commenced. The threshold inquiry to be made is whether Wilson raised the issue in the state court. An examination of Wilson's brief in the Appellate Division, First Department, submitted on his behalf by assigned counsel, reveals that Point I of that brief, which is devoted to the question of Wilson's absence from the trial, is entirely devoted to the New York State Criminal Procedure Law provision set forth in the margin.[3] There is no mention of any invasion of Wilson's constitutional rights in the entire text of Point I. The court was urged to reverse the conviction on the grounds that Wilson's conduct was not disruptive enough to warrant his removal from the court and that he did not waive his right to attend the proceedings. Therefore, petitioner claimed, his rights under the state statute had been violated. In rebuttal, the state urged that the defendant was not excluded from the trial because of his disruptive behavior but rather was invited to be present and failed to appear. No constitutional issue was raised by the state

---

2. That the concepts of comity and federalism are of continuing vitality with respect to habeas proceedings is attested by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and *Gates v. Henderson, supra.*

3. N.Y.Crim.Proc.L. § 260.20 (McKinney 1971) provides:

> A defendant must be personally present during the trial of an indictment; provided, however, that a defendant who conducts himself in so disorderly and disruptive a manner that his trial cannot be carried on with him in the courtroom may be removed from the courtroom if, after he has been warned by the court that he will be removed if he continues such conduct, he continues to engage in such conduct.

in answering Wilson's argument on this point.

In view of the admitted failure of the appellant to raise the constitutional argument explicitly, the fact that the cases cited on his behalf in the brief also addressed the issue in constitutional terms hardly amounts to providing the state courts with the "fair opportunity" to weigh the constitutional claim required by *Picard v. Connor, supra.* In both *Picard* and *United States ex rel. Nelson v. Zelker, supra,* there were vague constitutional arguments raised in the state court but they were found insufficient fairly to focus the attention of the state court on an issue later squarely presented to the federal district court. Here, petitioner's argument to the state court was devoted entirely to the state statute. It could have been dismissed by a construction of the statutory language without ever reaching the constitutional issue to which the court's attention was never directed. The Wilson brief in the state court did, however, explicitly present to the state court in its second and final point the argument (since abandoned) that Wilson's pretrial show-up identification was so sug-

gestive as to amount to a denial of due process. This was the sole constitutional issue raised in the state court. The very fact that the latter point was directly presented as a federal constitutional issue could have further diverted the attention of the state courts from the constitutional ramifications of Wilson's contention concerning his trial *in absentia.*[4]

For these reasons we cannot find that the state court in this case was fairly presented with petitioner's constitutional claim or its substantial equivalent. Hence, petitioner has not exhausted his state remedies.[5]

Petitioner further contends that even assuming his state remedies were not exhausted, this court should nonetheless entertain his constitutional claim since it is unlikely under New York law that the state courts will seriously consider the constitutional argument at this point. The argument is made that under N.Y.Crim.Proc.L. § 440.10 (McKinney 1971) the New York courts are likely to dispose of this case perfunctorily, either because the issue was considered on direct appeal (§ 440.10(2)(a)) or because it was unjustifiably not raised on direct appeal (§ 440.10(2)(c)).[6] However,

---

**4.** Appellant's reliance on *Allen v. Ulster County,* 568 F.2d 998 (2d Cir. 1977) is misplaced. In that case the petitioner had argued in the state court that the state law under which he had been convicted contained a presumption that was unconstitutional as applied to him. In the federal court he argued in addition that the statute was unconstitutional on its face. The fundamental issue underlying both arguments, however, was the same, i. e., whether a rational connection existed between the presumed fact and the proved fact. Therefore in *Allen* the state court had the opportunity to examine the rationality of a statute attacked on federal constitutional grounds. The subsequent constitutional argument, while demanding a somewhat narrower factual inquiry, was found substantially equivalent to the original issue because it too was basically a constitutional attack on the rationality of the statute. In contrast, no constitutional issue was squarely presented to the state courts by petitioner in the instant case and the claim of violation of a state statute was susceptible to disposition solely by construction of that statute.

**5.** As we have indicated, the exhaustion of state remedies point was not raised by the state either below or on appeal. The issue was briefed by the parties after argument at the

request of the court. This is the same experience we encountered in *United States ex rel. Nelson v. Zelker, supra*; see *Lunz v. Henderson,* 533 F.2d 1322, 1324 & n. 3 (2d Cir. 1976). We trust it will not be repeated.

**6.** N.Y.Crim.Proc.L. § 440.10 provides in pertinent part that a New York state court must deny a motion to vacate a judgment when:

(a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue; or

\* \* \* \* \* \*

(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

this court has held that, "[e]ven if there were some doubt as to the availability of relief in the New York courts, we still would give its courts the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available." *United States ex rel. Bagley v. LaVallee,* 332 F.2d 890, 892 (2d Cir. 1964); accord, *United States ex rel. McGrath v. LaVallee,* 348 F.2d 373 (2d Cir. 1965), cert. denied sub nom. *McGrath v. McCann,* 383 U.S. 952, 86 S.Ct. 1214, 16 L.Ed.2d 214 (1966). Whether New York entertains collateral relief at this point is a matter of New York law to be decided by New York courts and not by federal court predictions of what stances those courts will take. *Cameron v. Fastoff, supra,* at 977–78 & n. 7.[7]

Accordingly, we affirm the dismissal of the petition without prejudice on the ground that petitioner has not exhausted state remedies.

---

**7.** Several panels of this court in discussing the exhaustion of remedies question have seemingly given weight to the difficulties a habeas petitioner may have in persuading New York state courts, on a motion pursuant to N.Y. Crim.Proc.L. § 440.10, to reach claims closely related to issues presented on direct appeal. *Allen v. Ulster County, supra,* slip op. at 1003 n. 11; *United States ex rel. Leeson v. Damon,* 496 F.2d 718, 720–21 (2d Cir.), cert. denied, 419 U.S. 954, 95 S.Ct. 215, 42 L.Ed.2d 172 (1974). But in *Allen* and *Damon* this discussion was mere dictum; both cases held that the state courts had had a fair opportunity to consider the petitioners' constitutional claims and, hence, state remedies had been exhausted.

In *Kelleher v. Henderson,* 531 F.2d 78, 80 n. 4 (2d Cir. 1976) this court noted its doubts that collateral relief was clearly unavailable to peti-

tioner due to § 440.10. Nevertheless, the court reached the merits of the constitutional claim although it was not "absolutely certain" that state remedies were exhausted. It did so, however, largely because the court believed there was a strong need to reconcile several apparently conflicting cases in this circuit. Id. at 81. Moreover, the court in *Kelleher* denied petitioner relief. Id. at 82.

In the circumstances of the present case, on the other hand, there is far more than a mere doubt that petitioner failed to exhaust his state remedies. Thus, we find it appropriate to resolve the issue by allowing the state courts the opportunity to consider petitioner's claim rather than to speculate on their construction of § 440.10. See *Cameron v. Fastoff, supra,* at 977–78 & n. 7.