**Leon KENNEDY, Petitioner,**

v.

**Walter FOGG, Superintendent, Eastern New York Correctional Facility, Respondent.**

**No. 78 Civil 5216.**

United States District Court, S. D. New York.

March 30, 1979.

Leon Kennedy, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Marion Buchbinder, Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, presently confined at the Eastern New York Correctional Facility, was convicted of the crimes of robbery in the first degree and burglary in the first degree on November 5, 1975 following a jury trial in the Supreme Court of the State of New York. The Appellate Division unanimously affirmed his conviction by order dated February 24, 1977 and leave to appeal to the New York Court of Appeals was denied on April 22, 1977. He now seeks to void his conviction under a federal

writ of habeas corpus[1] for alleged violations of various constitutional rights.

■ At the threshold, the State contends and petitioner concedes that two of his three claims were not presented to the state courts in a constitutional context. Petitioner's present due process challenge to the admission of the police officers' testimony as to the victim's identification of his assailants was raised in the state courts in statutory terms—whether the testimony was admitted in violation of section 60.25 of the New York Criminal Procedure Law ("C.P.L."). Similarly, his Eighth Amendment challenge here to the length of the sentence imposed was presented to the Appellate Division in terms of that court's discretionary power under section 470.15 of the C.P.L. to modify a sentence "in the interest of justice."

As to the above two claims, the petition must be dismissed for failure to exhaust state remedies. This Court has stated in the past that the "exhaustion of state remedies requirement is a doctrine of substance under our system of federalism, reflecting a policy of federal-state comity. Its rationale is that the state courts in the first instance are entitled to a fair opportunity to vacate a conviction resting upon alleged constitutional violations since they are equally bound with the federal courts to protect citizens' constitutional rights."[2] Clearly the state courts were never provided the "fair opportunity" to consider the constitutional claims now posed.[3]

■ Petitioner raises the additional claim that his conviction was against the weight of the evidence. This claim " 'is essentially a question of state law and does not rise to federal constitutional dimensions,' . . . absent a record so totally devoid of evidentiary support that a due process issue is raised."[4] Suffice it to say that was not the case here.[5] According to the testimony of the police officers responding to the burglary-in-progress call, they first encountered petitioner in the hallway outside the victim's ransacked apartment helping a co-defendant, who was standing in the threshold of the apartment, remove a console stereo. After attempting to flee, he was arrested and searched; several items found in his possession were later identified as belonging to the victim. Although the victim was unable to identify petitioner, the testimony at trial indicated that the looting of the victim's apartment continued for approximately an hour, during which time he

1. 28 U.S.C. § 2254.

2. *United States ex rel. Aloi v. Arnold*, 413 F.Supp. 1384, 1386 (S.D.N.Y.1976); *accord, Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Wilson v. Fogg*, 571 F.2d 91 (2d Cir. 1978); *United States ex rel. Santiago v. Follette*, 298 F.Supp. 973 (S.D.N.Y.1969); *United States ex rel. Gallo v. Follette*, 270 F.Supp. 507 (S.D.N.Y.1967).

3. Petitioner's further contention that raising these claims in the state courts at this point would be futile in light of § 440.10 of the C.P.L. must also be rejected. As the Second Circuit recently stated: "Whether New York entertains collateral relief at this point is a matter of New York law to be decided by New York courts and not by federal court predictions of what stances those courts will take." *Wilson v. Fogg*, 571 F.2d 91, 95 (1978).

4. *Mapp v. Warden*, 531 F.2d 1167, 1173–74 n.8 (2d Cir.), *cert. denied*, 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976), *quoting in part United States ex rel. Terry v. Henderson*, 462 F.2d 1125, 1131 (2d Cir. 1972).

5. A person is guilty of robbery in the first degree under N.Y. Penal Law § 160.15 (McKinney 1975) "when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: (1) Causes serious physical injury to any person who is not a participant in the crime." Burglary in the first degree, *id.* § 140.30, is established on proof that a person "knowingly enter[ed] or remain[ed] unlawfully in a dwelling at night with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime: 2. Cause[d] physical injury to any person who is not a participant in the crime."

Accessorial liability attaches to one who "acting with the mental culpability required for the commission [of the offense], solicits, requests, commands, importunes, or intentionally aids" another person to engage in conduct which constitutes the offense. *Id.* § 20.00.

was bound hand and foot in the bathroom with a plastic bag tied over his head and struck with a hammer. The credibility of petitioner's explanation at trial of his presence in the building and of his claim that he was being framed for "trying to be so damn smart" was for the jury to determine.

 The jury verdict on this record was not "devoid of evidentiary support." There was substantial circumstantial evidence of petitioner's participation in the crimes alleged; such evidence if believed is of no less value than direct evidence.[6] The jury was entitled to draw an inference of guilt from petitioner's possession of the fruits of the crime recently after its commission if it concluded that the evidence did not provide a satisfactory explanation of such possession.[7] And the testimony concerning petitioner's flight from the arresting officers provided a legitimate ground from which the jury could infer consciousness of guilt.[8]

Accordingly, the petition for a writ of habeas corpus is denied for failure to exhaust state remedies as to the first and third claims challenging the admission of testimony and the length of the sentence. As to the second claim concerning the sufficiency of the evidence, the petition is denied on the merits.

---

6. *Holland v. United States*, 348 U.S. 121, 139–40, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *United States v. Glasser*, 443 F.2d 994, 1006–07 (2d Cir.), *cert. denied*, 404 U.S. 854, 92 S.Ct. 96, 30 L.Ed.2d 95 (1971); *United States v. Bowles*, 428 F.2d 592, 597 (2d Cir.), *cert. denied*, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970); *cf. Rogers v. Missouri Pacific R.R.*, 352 U.S. 500, 508 n.17, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).

7. *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *McNamara v. Henkel*, 226 U.S. 520, 524–25, 33 S.Ct. 146, 57 L.Ed. 330 (1913); *Wilson v. United States*, 162 U.S. 613, 619, 16 S.Ct. 895, 40 L.Ed. 1090

(1896); *United States v. Coppola*, 424 F.2d 991, 993 (2d Cir.), *cert. denied*, 399 U.S. 928, 90 S.Ct. 2246, 26 L.Ed.2d 795 (1970); *United States v. De Sisto*, 329 F.2d 929, 935 (2d Cir.), *cert. denied*, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964).

8. *United States v. Brozyna*, 571 F.2d 742, 747 (2d Cir. 1978); *United States v. Ayala*, 307 F.2d 574 (2d Cir. 1962); *United States v. Heitner*, 149 F.2d 105, 107 (2d Cir.) (L. Hand), *cert. denied*, 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 432 (1945).