**Vincent VIDAL, Petitioner,**

v.

**David HARRIS, Warden of the Greenhaven Correctional Facility of the State of New York, Respondent.**

**No. 79 Civ. 3321 (RWS).**

United States District Court, S. D. New York.

Sept. 12, 1979.

---

Ernest H. Hammer, New York City, for petitioner.

Eugene Gold, Dist. Atty., Kings County, Brooklyn, N. Y., for respondent.

## OPINION

SWEET, District Judge.

Vincent Vidal, presently confined at the Greenhaven Correctional Facility, was convicted of possession and sale of a controlled substance in New York State Supreme Court. The Appellate Division affirmed his conviction and leave to appeal to the New York Court of Appeals was denied. Vidal now seeks the dismissal of his indictment by way of a federal writ of habeas corpus for various violations of his constitutional rights.

Specifically, Vidal alleges that during his trial, the prosecutor knowingly made false statements and allowed a witness to make false statements that misled the jury as to the credibility of a key government witness, depriving him of his fourteenth amendment rights (Point I). He also alleges that the prosecutor's failure to reveal the bargain he made with a witness deprived him of a fair trial by limiting the possible cross examination of the witness (Point II). Finally, he contends that the totality of this conduct at trial deprived him of his sixth amendment right to confront the accusing witness (Point III). The State denies these allegations, and urges as a threshold issue that Vidal has not exhausted his state remedies as required by 28 U.S.C. § 2254(c), because

there is an available state remedy in N.Y. Criminal Procedure Law § 440.10 (McKinney 1979).

Section 440.10(1)(b) permits a defendant to move, at any time, to vacate a judgment upon the ground that the judgment was procured by duress, misrepresentation or fraud on the part of the prosecutor. He may also move to vacate a judgment upon the ground that it was obtained in violation of his constitutional rights. N.Y. Criminal Procedure Law § 440.10(1)(h) (McKinney 1979).[1] An exception to this section arises when "The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment." N.Y. Criminal Procedure Law § 440.10(2)(a) (McKinney 1979).

■  Vidal's brief to the Appellate Division raised the issue of deprivation of his federal constitutional rights to due process and to a fair trial by the knowing use by the prosecution of false and perjured testimony.[2] Respondent's brief directly replied to those allegations, stating that they were unsupported and negated by the record.[3] There was, however, no direct discussion in petitioner's brief of any alleged deprivation of his sixth amendment rights or of other constitutional rights caused by the prosecutor's failure to disclose the terms of the bargain between the State and the witness. Accordingly, Points II and III of Vidal's action must be dismissed for failure to exhaust state remedies.[4]

■  Although Point I of Vidal's petition was raised for the consideration of the Appellate Division, that court's decision did not address the claim. However, the language of N.Y.C.P.L. § 440.10(2)(a), precluding motions to vacate when the issue raised "was previously determined on the merits upon an appeal" cannot be read to require the state court to actually address the constitutional claims in order to satisfy the exhaustion of state remedies requirement. The practice commentary to that section indicates that it may also apply whenever the issue is "actually litigated" on appeal. N.Y.C.P.L. § 440.10 (Practice Commentary of Richard G. Denzer) (McKinney 1979). Similarly, the courts that have considered this section have focused on whether the state court had an opportunity to consider the petitioners' claims, *see, e. g. Wilson v. Fogg*, 571 F.2d 91, 95 n.7 (2d Cir. 1978); *Allen v. County Court, Ulster County*, 568 F.2d 998 n.11 (2d Cir. 1977), rather than on whether the state court actually ruled on the claim.

To decide differently would force the defendant who fully briefs his constitutional claims when appealing his conviction to raise the precise claims a second time simply because the appellate state court does not directly address them. This would be

---

1. Section 440.10(1) provides in pertinent part: At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that:
    *   *   *   *   *   *
   (b) The judgment was procured by duress, misrepresentation or fraud on the part of the court or a prosecutor or a person acting for or on behalf of a court or a prosecutor; or
    *   *   *   *   *   *
   (h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.

2. Vidal also alleged in that brief that the prosecutor knowingly misrepresented the facts to the jury.

3. Respondent now alleges that the record to which they referred in their brief to the Appellate Division was not properly before that court for its consideration. Specifically, both petitioner and respondent referred at that time to a deposition filed after petitioner's conviction, and to a sentence recommendation by the assistant district attorney. Respondent now argues that only issues rooted in the record on appeal, as defined by N.Y. Civil Practice Laws and Rules § 5526 are directly appealable from a judgment of conviction. This contention is unsupported by any case law that applies § 5526 to a criminal case.

4. Although, in light of N.Y.C.P.L. § 440.10(2)(c) it may be futile to raise these claims in the state court, that course must be followed. As the Second Circuit has stated: "Whether New York entertains collateral relief at this point is a matter of New York law to be decided by New York courts and not by federal court predictions of what stances those courts will take." *Wilson v. Fogg*, 571 F.2d 91, 95 (2d Cir. 1978); *Kennedy v. Fogg*, 468 F.Supp. 671, 673 n.3 (S.D.N.Y.1979).

more than the exhaustion requirement is meant to accomplish. This court has stated that the "exhaustion of state remedies requirement is a doctrine of substance under our system of federalism, reflecting a policy of federal-state comity. Its rationale is that the state courts in the first instance are entitled to a fair opportunity to vacate a conviction resting upon alleged constitutional violations since they are equally bound with the federal courts to protect citizens' constitutional rights." *United States ex rel. Aloi v. Arnold,* 413 F.Supp. 1384, 1386 (S.D.N.Y.1976); *accord Wilson v. Fogg,* 571 F.2d 91 (2d Cir. 1978); *Kennedy v. Fogg,* 468 F.Supp. 671, 673 (S.D.N.Y. 1979).

In this case, the state court was afforded a "fair opportunity" to consider the constitutional claims raised in Point I of the petition. The exhaustion requirement has therefore been satisfied as to that claim. Because there is some factual dispute regarding the knowledge of the prosecutor as to any bargains made to the witness, Mr. Barbarino, at the time of trial, a hearing will be held on that matter. As mentioned, Points II and III of the petition are dismissed for failure to exhaust state remedies. The defendant is directed to submit an answer within 14 days and the parties are directed to submit any additional papers relating to this action within 21 days of the date hereof.