Willie Lee KIRKSEY,
Petitioner-Appellant,

v.

E. W. JONES, Superintendent,
Respondent-Appellee.

No. 723, Docket 81–2320.

United States Court of Appeals,
Second Circuit.

Argued Feb. 5, 1982.

Decided March 8, 1982.

Stuart Holtzman, New York City, for petitioner-appellant.

Alan D. Kaplan, Asst. Dist. Atty., New York City (Mario Merola, Dist. Atty., Bronx County, Peter D. Coddington, Asst. Dist. Atty., New York City, on brief), for respondent-appellee.

Before OAKES, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

NEWMAN, Circuit Judge:

Willie Lee Kirksey appeals from a judgment of the District Court for the Southern District of New York (Whitman Knapp, *Judge*), entered September 8, 1981, denying his petition for a writ of habeas corpus to challenge his state court conviction for the murder of three people. Kirksey contends on appeal that his conviction was obtained in violation of his constitutional rights because the prosecutor referred in summation to a co-defendant's confession that implicated Kirksey, because the prosecutor's summation was inflammatory, and because the evidence included a reference to an uncharged fourth murder. We affirm the denial of habeas corpus relief since the facts surrounding the first contention do not establish a constitutional violation and Kirksey has not exhausted state court remedies with respect to the second and third points.

Kirksey and a co-defendant, Thomas Felton, were convicted in the New York Supreme Court (Bronx County) of second-degree murder and related robbery and burglary offenses and sentenced to concurrent terms of 25 years to life. Kirksey's conviction was affirmed without opinion by the Appellate Division, *People v. Kirksey*, 65 A.D.2d 963, 411 N.Y.S.2d 97 (1st Dep't 1978), and leave to appeal to the Court of Appeals was denied. 46 N.Y.2d 913, 414 N.Y.S.2d 1047 (1979). The evidence at the state court trial consisted primarily of detailed confessions by Kirksey and Felton and eyewitness identification of Kirksey

following one of the victims into her apartment building on the day she was murdered.

The State seeks to uphold the judgment denying habeas corpus relief on the ground that Kirksey has failed to exhaust state court remedies with respect to all three of his contentions. We are satisfied, however, that exhaustion has occurred with respect to the first point, which is that the prosecutor's summation denied Kirksey his constitutional right to confront his accusers by urging Kirksey's conviction on the basis of Felton's confession. The heading of Point I of Kirksey's brief in the Appellate Division plainly states, "The confession of a co-defendant was used against defendant at his trial in violation of his right under the Sixth Amendment to the Constitution to confront his accusers." While a portion of the argument concerns an alleged error in the trial court's charge concerning the limited use of Felton's confession (a point not raised on this appeal), the balance concerns the prosecutor's summation and specifically alleges that it is "impermissible for the prosecutor to wrongfully use a co-defendant's confession as evidence to obtain a conviction in violation of the Sixth Amendment." The state court brief fully alerted the Appellate Division to the federal nature of Kirksey's attack on the prosecutor's use of Felton's confession and afforded that Court a "fair opportunity," *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), to rule on the federal claim.

Exhaustion has not occurred, however, with respect to Kirksey's remaining contentions. In complaining to the Appellate Division that the prosecutor's summation contained inflammatory passages and that the evidence contained reference to an uncharged fourth murder, Kirksey's brief makes no explicit reference to any provision of the Constitution, *see Wilson v. Fogg*, 571 F.2d 91 (2d Cir. 1978), nor uses any language that calls to mind a federal constitutional guaranty, *see Twitty v. Smith*, 614 F.2d 325, 332 (2d Cir. 1979) (alleged denial of "effective assistance of counsel" suffi-

ciently asserts Sixth Amendment claim). Appellant suggests that references in his state court brief to denial of a "fair trial" sufficiently alerted the Appellate Division to a contention that the trial failed to comport with the due process guaranties of the Fourteenth Amendment. We rejected that argument in *Daye v. Attorney General*, 663 F.2d 1155 (2d Cir. 1981), and *Johnson v. Metz*, 609 F.2d 1052 (2d Cir. 1979), where the circumstances alleged to deny a fair trial were the frequent and biased interventions of the trial judge. Whether or not the rehearing *en banc* of *Daye v. Attorney General, supra,* scheduled for April 13, 1982, results in any modification of the strictures of *Johnson v. Metz, supra,* the exhaustion requirement is not automatically satisfied every time an alleged trial error is claimed to deny a defendant a "fair trial." State court briefs routinely characterize a variety of errors as a denial of a fair trial, conveying the thought that the error, simply as a matter of state law, warrants a new trial. Alleging lack of a fair trial does not convert every complaint about evidence or a prosecutor's summation into a federal due process claim. An isolated emotional remark in a summation[1] and a reference to a fourth uncharged crime in addition to three charged offenses do not approach the circumstances that might arguably be deemed sufficient to alert a state court that a due process violation is claimed.

On the merits of the one claim that has been exhausted, Kirksey's complaint about the prosecutor's use of Felton's confession is unavailing. The Confrontation Clause of the Sixth Amendment is not violated by the admission at a joint trial of a co-defendant's confession that interlocks with a confession of a defendant. *Parker v. Randolph*, 442 U.S. 62, 72–75, 99 S.Ct. 2132, 2138–40, 60 L.Ed.2d 713 (1979) (plurality opinion); *United States ex rel. Cantanzaro v. Mancusi*, 404 F.2d 296, 300 (2d Cir. 1968), cert. denied, 397 U.S. 942, 90 S.Ct. 956, 25 L.Ed.2d 123 (1970). *Parker* permits admission of a co-defendant's confession only in the case against the co-defendant, 442 U.S. at 75, 99 S.Ct. at 2140, as the trial judge instructed the jury in this case. The rationale of *Parker* is that when a co-defendant's confession interlocks with that of a defendant, the "possible prejudice" resulting from the jury's failure to follow limiting instructions does not "require departure from the general rule allowing admission of evidence with limiting instructions." *Id.* at 74–75, 99 S.Ct. at 2139–40.[2] Of course, the prosecutor is not free to make a jury argument that increases the possibility of prejudice; the "interlocking confession" exception to the usual rule barring use at a joint trial of a co-defendant's confession implicating the defendant, *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), does not entitle the prosecutor to disregard the limiting instructions and urge the jury to convict one defendant *because* his co-defendant has confessed. Having elected to try the defendants together, the prosecutor has an obligation to respect the limiting instructions when he argues the evidence admissible only against each defendant. In this case, while the prosecutor did not confine all references to Felton's

---

1. The remark, which should not have been made, referred to one of the murder victims as a woman "who[se] muffled sounds you will hear if you do not after considering the evidence return a verdict of conviction against these defendants." The judge promptly instructed the jury to disregard the remark. While excessively emotional appeals seem to recur despite condemnations from federal and state courts, *see United States v. Modica*, 663 F.2d 1173, 1180 (2d Cir. 1981) (*per curiam*); *People v. Ashwal*, 39 N.Y.2d 105, 347 N.E.2d 564, 383 N.Y.S.2d 204 (1976), the remark here drew a prompt instruction to disregard from the trial judge; moreover, the summation contained no impropriety, such as a racial slur,

complaint of which would plainly convey reliance on constitutional prohibitions. *See McFarland v. Smith*, 611 F.2d 414 (2d Cir. 1979).

2. The interlocking confession rule has been questioned, though applied, in this Circuit, *United States ex rel. Ortiz v. Fritz*, 476 F.2d 37 (2d Cir. 1973); its application would have created a greater risk of prejudice in this case if independent evidence had not connected Kirksey to the scene of one of the crimes and if Felton's confession had incriminated Kirksey as to a salient point not set forth in Kirksey's own confession.

confession to a discrete portion of his summation urging Kirksey's conviction, we are entirely satisfied that he neither sought to argue Kirksey's guilt from Felton's confession nor created any substantial risk that the limiting instructions would be ignored.

Judgment affirmed.