Michael JOURNET, Petitioner,

v.

Philip COOMBE, Jr., Superintendent, Eastern Correctional Facility, Respondent.

No. 83 Civ. 2273 (SWK).

United States District Court, S.D. New York.

Aug. 1, 1983.

Michael Journet, petitioner pro se.

Robert Morgenthau, Dist. Atty., New York County, New York City, for respondent; Amy Jane Rettew, Susan Corkery, New York City, of counsel.

## OPINION

KRAM, District Judge.

Respondent, the State of New York, has moved for a dismissal of petitioner's petition for a writ of habeas corpus. For the reasons stated herein, respondent's motion is denied.

Petitioner, Michael Journet, has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted on November 23, 1977 of Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law §§ 220.43, 220.39). The conviction was affirmed without opinion by the Appellate Division, First Department, *People v. Journet,* 74 A.D.2d 1005, 426 N.Y.S.2d 891 (1980). Leave to appeal to the New York Court of Appeals was denied, 50 N.Y.2d 846, 430 N.Y.S.2d 1031, 407 N.E.2d 1359 (1980). Petitioner also brought a motion pursuant to Criminal Procedure Law ("CPL") § 440.-20 to vacate his sentence, claiming that the sentence was excessive and therefore constituted cruel and unusual punishment. Petitioner's CPL § 440.20 motion was denied by the trial court on January 15, 1982.

In petitioner's direct appeal to the Appellate Division, First Department, he claimed that: 1) the trial court erroneously refused to order disclosure of an informant's identity and to give a missing witness charge; 2) the prosecutor's summation denied him a fair trial; and 3) that there was only one drug transfer and therefore the second, less serious, count should have been dismissed. In a *pro se* supplementary brief, petitioner claimed further that he was denied a fair trial due to ineffective assistance of counsel.

The State has moved to dismiss Journet's petition for a writ of habeas corpus on the ground that Journet failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b) and (c) with respect to his claim of ineffectiveness of counsel. The State argues that by failing to raise this claim before the trial court, petitioner failed to exhaust a state remedy available to him under CPL § 440.10. The State concedes that petitioner has exhausted his state remedies for all other claims.

In accordance with 28 U.S.C. § 2254, an application for a writ of habeas corpus shall be granted only if the petitioner has exhausted the remedies available in the courts of the state. This provision reflects a policy of federal-state comity by requiring that the state court be provided with a fair opportunity to consider the claim presented before a federal court reviews the matter. *Daye v. New York,* 696 F.2d 186, 191 (2d Cir.1982); *Vidal v. Harris,* 477 F.Supp. 526, 529 (S.D.N.Y.1979).

The State contends that Journet has not exhausted his state remedies because of an available state remedy under CPL § 440.10, which permits a defendant to move, at any time, to vacate a judgment on the ground that it was obtained in violation of defendant's constitutional rights. CPL § 440.-10(1)(h). However, such a motion is moot and must be denied if the issue raised upon the motion was previously determined on the merits in an appeal from the judgment. CPL § 440.10(2)(a). This court has noted that the exception to CPL § 440.10 "cannot be read to require the state court to actually address the constitutional claims in order to satisfy the exhaustion of state remedies requirement.... Similarly, the courts that have considered this section have focused on whether the state court had an *opportunity* to consider the petitioner's claim rather than on whether the state court *actually* ruled on the claim." *Vidal,* 477 F.Supp. at 528 (emphasis added).

If we were to hold that petitioner had not exhausted all his available state remedies, petitioner would then be required to raise his ineffective assistance of counsel claim a

second time simply because the appellate court did not specifically address it. *Id.* Imposition of such a requirement would not serve to further the goals of the exhaustion doctrine. The purpose of the exhaustion doctrine is to guarantee to the state a fair opportunity to consider the constitutional claims raised by the petition. In this case, Journet's Supplemental Brief to the New York Appellate Division clearly raised the issue of denial of a federal constitutional right due to ineffective assistance of counsel. In addition, respondents extensively addressed this point in eight (8) pages of their reply brief. The state court therefore was afforded a fair opportunity to consider the claim, thereby satisfying the exhaustion requirement.

The State relies heavily on *Allah v. Henderson* for the proposition that a habeas corpus petitioner who raises an ineffective assistance of counsel claim on direct appeal has not satisfied the exhaustion requirement since a factual record is lacking. *Allah v. Henderson,* 526 F.Supp. 282 (S.D.N.Y. 1981), *aff'd without opinion* 697 F.2d 287 (2d Cir.1982). *Allah,* however, is clearly distinguishable.

The Appellate Division in *Allah* specifically reserved petitioner's right to make a post-conviction motion based on ineffective representation of counsel, while denying petitioner's claim without prejudice, thereby expressly allowing petitioner to seek relief under CPL § 440.10. *Allah, sub nom. People v. Barshai,* 72 A.D.2d 503, 420 N.Y.S.2d 526 (1979). Similarly, the Federal district court reviewing Allah's petition for a writ of habeas corpus found that the case was one in which an "evidentiary exploration" of the claim of ineffectiveness of counsel was indispensable. 526 F.Supp. at 285. Conversely, in the instant case the Appellate Division simply affirmed without opinion the decision of the New York Supreme Court. Such an affirmance is a determination on the merits of the issues raised by the appeal and would bind the state trial court on those issues if we were to find no exhaustion until petitioner moved the trial court pursuant to CPL § 440.10. Thus, since the State had a fair opportunity to address petitioner's claim of ineffective assistance of counsel, and in fact did so before the Appellate Division, and since the outcome of requiring petitioner to move pursuant to CPL § 440.10 is clear, we hold that petitioner has satisfied the exhaustion requirement with respect to all constitutional claims raised. Respondents' motion for dismissal is therefore DENIED.

IT IS SO ORDERED.