**Jose MERCADO, Petitioner,**

v.

**Robert J. HENDERSON, Superintendent, Auburn Correctional Facility, Respondent.**

**No. 86 Civ. 5347 (MBM).**

United States District Court, S.D. New York.

March 19, 1990.

**20**

Jose Mercado, Auburn, N.Y., pro se.

Marianne Karas, Asst. Dist. Atty., Bronx, N.Y., for respondent.

## ORDER

MUKASEY, District Judge.

The above-captioned case having been referred to Magistrate Sharon E. Grubin on July 15, 1986 to issue a report and recommendation as to petitioner Jose Mercado's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Magistrate having filed and sent to the parties on February 6, 1990, her Report and Recommendation and petitioner having failed to submit any objections to that report, the Court affirms and adopts the Magistrate's Report and Recommendation dated February 6, 1990. The application for a writ of habeas corpus is denied and the petition is dismissed without prejudice because it contains both exhausted and unexhausted claims.

SO ORDERED.

## REPORT AND RECOMMENDATION TO THE HONORABLE MICHAEL B. MUKASEY

SHARON E. GRUBIN, United States Magistrate:

Petitioner seeks a writ of habeas corpus pursuant to 23 U.S.C. § 2254 challenging his convictions after a jury trial in the New York State Supreme Court, Bronx County, of murder in the second degree (felony murder) (N.Y. Penal Law § 125.25(3)) and attempted robbery in the first degree (N.Y. Penal Law §§ 110.00 and 160.15(2)). He

was sentenced to indeterminate concurrent terms of imprisonment of fifteen-years to life on the felony murder count and five to fifteen-years on the attempted robbery count. The Appellate Division, First Department, affirmed the convictions without opinion, *People v. Mercado*, 110 A.D.2d 1092, 488 N.Y.S.2d 941 (1st Dep't 1985), and the New York Court of Appeals denied leave to appeal, 65 N.Y.2d 818, 493 N.Y. S.2d 1038, 482 N.E.2d 934 (1985). The petition asserts four grounds by which petitioner's convictions were allegedly unconstitutional: (1) the evidence was legally insufficient to support either conviction; (2) the trial court erred in denying petitioner's motion for a severance; (3) the misconduct of the prosecutor during summation denied petitioner a fair trial; and (4) the trial court's instructions to the jury were inadequate in two respects.[1]

In response to the petition, respondent submitted an opposing affidavit, a memorandum of law and the briefs that had been submitted to the Appellate Division on petitioner's appeal which consist of briefs of counsel and a supplemental brief submitted by petitioner *pro se*. Relying on these documents, respondent's counsel asserts that this is a mixed petition, *i.e.*, one which presents both exhausted and unexhausted claims, subject to dismissal pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because petitioner did not fairly present the federal constitutional nature of his fourth claim to the state courts. I agree and recommend dismissal without prejudice to refiling after state court remedies have been exhausted.

As the fourth ground of the petition petitioner makes two claims with respect to asserted deficiencies in the charge to the jury. The first is that the state trial court failed to instruct the jury adequately to consider the guilt or innocence of each codefendant separately. The second is that the state trial court failed to instruct the jury that the evidence against petitioner

---

**1.** The petition also raised a fifth claim, which petitioner has withdrawn by his "Reply Affidavit–Memorandum to Respondent's Answering Affidavit and Memorandum of Law in Opposi-

tion to Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.A. 2254" at 6.

was entirely circumstantial. In opposition to the instant petition, respondent contends correctly herein that these claims have not been exhausted because petitioner presented them only in terms of state law in his Appellate Division briefs and thus failed to alert the Appellate Division that it was being asked to determine a federal constitutional issue.

 The federal habeas corpus statute, 28 U.S.C. § 2254, requires a person in state custody to exhaust his state remedies before seeking federal habeas corpus review. This rule is based on considerations of comity between the federal and state courts, ensuring that the state courts have an opportunity to consider and correct any violations of their prisoners' federal constitutional rights. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 191 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). Thus, exhaustion requires a petitioner to have presented to the state courts the same federal constitutional claims, legally and factually, he raises in his petition to the federal court so that the state courts will have had the initial opportunity to pass on them. *Picard v. Connor*, 404 U.S. at 275–76, 92 S.Ct. at 512–13; *Daye v. Attorney General, etc.*, 696 F.2d at 191. *See also Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam); *McGann v. State of New York*, 870 F.2d 908, 910 (2d Cir.1989); *Morgan v. Jackson*, 869 F.2d 682, 684 (2d Cir.1989). In *Petrucelli v. Coombe*, 735 F.2d 684, 687–88 (2d Cir.1984), the Second Circuit explained:

> Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982), a habeas petition[er] must put state courts on notice that they are to

decide federal constitutional claims. *See, e.g., Daye*, 696 F.2d at 192. It is not necessary for a habeas petitioner to cite "book and verse" of the Constitution, *id.* (quoting *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)), but adequate notice to the state courts that they are to decide federal constitutional claims at least includes:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*See also Waterhouse v. Rodriguez*, 848 F.2d 375, 381 (2d Cir.1988); *Grady v. LeFevre*, 846 F.2d 862, 864 (2d Cir.1988); *Holland v. Scully*, 797 F.2d 57, 64–65 (2d Cir.), *cert. denied*, 479 U.S. 870, 107 S.Ct. 237, 93 L.Ed.2d 162 (1986). The briefs submitted to the Appellate Division for petitioner on this point do not contain material falling into any of the *Daye* categories. Because petitioner had not objected at trial to the jury instructions, the brief submitted by counsel asked the Appellate Division to exercise discretion to order a new trial in the interest of justice as permitted by N.Y. Crim.Proc.Law § 470.15(6)(a).[2] Thus, the claims presented did not raise federal constitutional law. *See Gordon v. Kelly*, Civ. No. 89–1907 (E.D.N.Y. Aug. 7, 1989) (1989 WL 92043); *Castillo v. Abrams*, No. 88 Civ. 1165 (S.D.N.Y. Aug. 24, 1988) (1988 WL 96026) (1988 U.S. Dist. LEXIS 9448); *Kennedy v. Fogg*, 468 F.Supp. 671, 673 (S.D.N.Y.1979). *Cf. Gayle v. LeFevre*, 613 F.2d 21, 22 n. 3 (2d Cir.1980) (determinations pursuant to N.Y.Crim.Proc.Law § 470.15(3), which permits an intermediate New York state appellate court to reverse or modify a judgment as a matter of discre-

---

**2.** This statute provides in relevant part, as follows:

> The kinds of determination of reversal or modification deemed to be made as a matter of discretion in the interest of justice include, but are not limited to, the following:

> (a) That an error or defect occurring at a trial resulting in a judgment, which error or defect was not duly protested at trial as prescribed in subdivision two of section 470.05 so as to present a question of law, deprived the defendant of a fair trial.

tion in the interest of justice, constitute exercises of the appellate court's supervisory powers and are not dictated by constitutional considerations). Interestingly, in arguing his claim herein petitioner urges constitutional analysis and uses language that is notably absent from his Appellate Division papers. It seems reasonable to infer that the difference in argument is the result of petitioner's awareness that to present a claim herein, it must be one of constitutional dimension, and the comparison between his papers here and his papers at the Appellate Division serves to underscore the fact that his argument to the state court was not presented in such terms. Thus, petitioner argues herein that the trial court's instructions relieved the prosecution of its burden of proving guilt beyond a reasonable doubt; that they "so infected petitioner's trial that the resulting conviction violates due process of law;" that they violated "the Due Process Clause of the United States Constitution . . .;" and he cites such cases as *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) and *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). See Petitioner's "Supplemental Memorandum in Support of Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C.A. 2254" at 29–32. In stark contrast, his Appellate Division arguments did not cite the United States Constitution and contained citations only to state law authority.

In response to respondent's having raised petitioner's failure to exhaust this claim, petitioner in a reply submission has argued that the state courts were alerted to a constitutional claim because: (1) he argued that these errors in the jury instructions deprived him of a "fair trial;" (2) the state, after arguing that the errors had not been preserved under New York law and were, in any event, meritless, cited to *People v. Crimmins*, 36 N.Y.2d 230, 367 N.Y.S.2d 213, 326 N.E.2d 787 (1975); and (3) his brief to the Appellate Division included a partial quotation from *People v. Benzinger*, 36 N.Y.2d 29, 364 N.Y.S.2d 855, 324 N.E.2d 334 (1974). Disposing of these arguments in reverse order, they are all meritless for the following reasons. As noted above, petitioner's notice to the state court that it is to decide a federal constitutional claim must be on the same facts and the same claim raised in the petition and not some other claim. While *Benzinger* contained certain constitutional analysis, it was with respect to a different issue than that for which petitioner cited the case, and his quotation from it had no concern with federal constitutional law. There was no discussion in *Benzinger* of errors with respect to jury instructions, much less the type of jury instructions of which petitioner complains here. In *Crimmins*, the New York Court of Appeals discussed harmless error under the federal Constitution and the decisional law of New York in a case where a federal constitutional claim was clearly presented. Its citation in petitioner's case by the state cannot be deemed to have alerted the Appellate Division that petitioner here was raising a federal constitutional claim about allegedly defective jury instructions. Lastly, with respect to petitioner's invocation of a "fair trial," he used the phrase twice in his brief. But as the court in *Daye* observed:

> The general principle governing assessment of whether a fair trial claim is of constitutional dimension is that where the claim rests on a factual matrix that is "well within the mainstream of due process adjudication," *Johnson v. Metz, supra*, 609 F.2d [1052] at 1057 [(2nd Cir. 1979)] (Newman, J., concurring); *see also id.* at 1056 n. 5 (opinion of the Court), the state courts must be considered to have been fairly alerted to its constitutional nature. If, on the other hand, the claim is based on a fact pattern not theretofore commonly thought to involve constitutional constraints, there is usually little reason to believe the courts were alerted to its supposed constitutional nature.

696 F.2d at 193. In the instant case, it is clear from the context of the argument that the invocation of denial of a fair trial was intended to bring the claim within N.Y. Crim.Proc.Law § 470.15(6)(a). After apprising the court that trial counsel had not taken any exceptions to the charge, peti-

tioner's counsel stated in his brief at 12 that, "However, in this close case the court's errors served to deprive appellant of a fair trial so that the judgment of conviction should be reversed and a new trial ordered in the interest of justice. CPLR § 470.15(6)(a)." At page 16 of the brief he simply stated, "The two charge errors committed by the Court operated to deprive appellant of a fair trial." As the court said in *Petrucelli v. Coombe:*

> "Alleging lack of a fair trial does not convert every complaint ... into a federal due process claim." *Daye v. Attorney General,* 696 F.2d at 193 (quoting *Kirksey v. Jones,* 673 F.2d 58, 60 (2d Cir. 1982))... "Due process," like "fair trial," can be a catchphrase used by habeas petitioners as part of an allegation about any type of trial court error, including errors in rulings based on state law.

735 F.2d at 688. *See also Fox v. Hoke,* No. 87 Civ. 2540 (S.D.N.Y. May 15, 1989) (1989 WL 54135) (1989 U.S.Dist. LEXIS 5292); *Rivera v. Berry,* No. 87 Civ. 261 (E.D.N.Y. May 1, 1989) (1989 WL 50830); *LeGrand v. Smith,* No. 85 Civ. 511 (S.D.N.Y. Feb. 25, 1987) (1987 WL 7402).

## CONCLUSION

 The presence of the unexhausted claim renders this petition "mixed," and it must be dismissed. *Rose v. Lundy,* 455 U.S. at 510, 522, 102 S.Ct. at 1199, 1205. Petitioner may file a new petition omitting the unexhausted claim, or he may bring a motion in state court to present it pursuant to section 440.10 of the New York Criminal Procedure Law. Petitioner is cautioned that if he chooses the first option, he runs the risk that any subsequent petition he may seek to file thereafter may be dismissed as an abuse of the writ absent circumstances justifying such successive application. *See Rose v. Lundy,* 455 U.S. at 520–21, 102 S.Ct. at 1204–05; *Gulliver v. Dalsheim,* 687 F.2d 655, 657–58 (2d Cir. 1982). If petitioner chooses the second option and his § 440.10 motion is denied, he must seek leave to appeal to the Appellate Division to fully exhaust the claim. N.Y. Crim.Proc.Law § 460.15 (McKinney 1983). Whether petitioner is barred from relief

pursuant to New York Criminal Procedure Law section 440.10(2)(c) is for the state court to determine in the first instance. *Wilson v. Fogg,* 571 F.2d 91, 95 (2d Cir. 1978); *Bagley v. LaVallee,* 332 F.2d 890, 892 (2d Cir.1964); *see also Twitty v. Smith,* 614 F.2d 325, 332–33 n. 9 (2d Cir.1979); *Vidal v. Harris,* 477 F.Supp. 526, 528 n. 4 (S.D.N.Y.1979).

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Michael B. Mukasey, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Mukasey. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983) (per curiam).