■ FREDERICK MAY et al., Individually and on Behalf of All Other Owners of Plots or Graves Located at Washington Cemetery, Similarly Situated, et al., Respondents, v. WASHINGTON CEMETERY, Appellant, and CEMETERY BOARD OF THE STATE OF NEW YORK, Intervenor-Appellant.— In an action for a declaratory judgment and for an injunction by plaintiffs May and Novgrod, two owners of graves in the cemetery owned and operated by defendant Washington Cemetery, and by the plaintiff M. Goldsmith, Inc., a commercial gardening corporation which, upon the request of grave-owners, furnishes care and maintenance service on graves in said cemetery, the defendant Washington Cemetery and the intervening defendant, Cemetery Board of the State of New York, appeal from a judgment of the Supreme Court, Kings County, entered July 25, 1961, upon the decision and opinion of the court after a nonjury trial, in plaintiffs' favor, which: (1) adjudged null and void a resolution of said defendant Washington Cemetery to the extent that it adopted certain annual monetary charges to be imposed upon commercial gardeners, such as the plaintiff corporation, the said resolution having been approved by the intervening defendant, the Cemetery Board; (2) declared the rights of the individual plaintiffs and others similarly situated, and the rights of the corporate plaintiff; (3) dismissed the counterclaim of the defendant Washington Cemetery against the corporate plaintiff; and (4) enjoined said defendant from interfering with the plaintiffs in the exercise of their rights as declared in the judgment. Judgment affirmed, without costs. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur. [29 Misc 2d 1046.]

■ MIRIAM PINKUS et al., Appellants, v. INCORPORATED VILLAGE OF HEMPSTEAD, Respondent.— In an action by plaintiff taxpayers to declare arbitrary and unlawful a resolution of the Board of Trustees of the defendant village fixing the area of special assessment to defray the cost of acquisition of land for the widening of a public street within the village, the plaintiffs appeal from an order of the Supreme Court, Nassau County, dated March 6, 1962, which denied their motion for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice. The defendant concedes that, with minor exceptions, the assessment area comprises in essence the business and industrial center of the village, and that all residentially zoned land has been excluded. Order affirmed, without costs. No opinion. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD G. GENOVESE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Queens County, dated February 24, 1959, which denied, after a hearing, his application to vacate a judgment of said court rendered January 27, 1939, upon his plea of guilty, convicting him of burglary in the third degree, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN MORGAN, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered July 24, 1961 after a jury trial, convicting him of robbery in the first degree, and sentencing him, as a second felony offender, so serve a term of 15 to 30 years. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ. concur.