904

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GRANVILLE BOODIE, Appellant.

*Per Curiam.* Defendant appeals from a judgment convicting him of manslaughter, first degree, after trial on an indictment charging homicide, second degree. The verdict is sustained by proof beyond a reasonable doubt of the defendant's guilt.

Defendant contends his post-arraignment admissions were improperly introduced and the prosecution improperly referred to a knife not in evidence.

Defendant was apprehended for felonious assault on February 27, 1960; on March 7, 1960 he was examined by a prosecutor and his stenographic statement taken. On March 8, 1960 defendant was indicted for homicide, second degree.

The Medical Examiner testified two stab wounds caused by a sharp instrument, like a knife, were inflicted on the deceased. On the day of the occurrence a freshly cleaned knife was found on the top shelf in defendant's bedroom closet. The knife was marked for identification and became the subject of examination and comment by the prosecution and examination in behalf of the defense, but was not offered in evidence. On the trial defendant was confronted with his pretrial statement that all knives and forks were kept in his kitchen and denying that the knife was in his bedroom.

We assume, but do not decide, the defendant's statement to the prosecution after his arrest on the complaint for felonious assault and before his indictment for homicide, second degree, on proper objection, was inadmissible. (See *People* v. *Rodriguez,* 11 N Y 2d 279.) However, defendant by his omission to object to the introduction of his post-arraignment admissions failed to preserve, as a matter of right, the legal grounds first presented on this appeal for their exclusion. (*People* v. *Huson,* 187 N. Y. 97; *People* v. *Washor,* 196 N. Y. 104; *People* v. *Fisher,* 223 N. Y. 459, 465; *People* v. *Nixon,* 248 N. Y. 182; *People* v. *Friola,* 11 N Y 2d 157; *People* v. *Wilson,* 16 A D 2d 207.)

Defendant also failed to object to the testimony relating to the knife; contrariwise, defendant participated in the examination concerning it. Moreover, we find no error in the admission of said evidence or the prosecutor's comments thereon. (*People* v. *Del Vermo,* 192 N. Y. 470; *People* v. *Williams,* 260 App. Div. 1024, affd. 285 N. Y. 728.)

The verdict is in accord with the evidence. On this record we are not moved to consider questions of law not raised at the time of trial. (*People* v. *Huson, supra; People* v. *Yui Kui Chu,* 273 N. Y. 191, 199.)

The judgment of conviction should be affirmed.

VALENTE, J. (dissenting). I dissent, and would reverse the conviction and grant a new trial.

On the trial of an indictment charging the crime of murder in the second degree, for the killing of one Dorothy Butler on February 27, 1960, with an unknown weapon, the jury found defendant guilty of manslaughter in the first degree.

The conviction should not stand because of two prejudicial errors committed at the trial. The death of Mrs. Butler occurred as a result of a quarrel on February 27, 1960 in an apartment occupied by the Butlers in which defendant and his wife had rented a room. The defendant and Mr. Butler were thereupon arrested following the filing of cross complaints, each accusing the other of felonious assault. Both were arraigned in the Magistrates' Court on February

28, 1960. On the adjourned date of the felonious assault charge, March 7, 1960, defendant was brought from the Felony Court to the office of an Assistant District Attorney, where he was examined and a stenographic statement taken, in the absence of any attorney on his behalf. The following day he was arraigned on the homicide charge.

During the course of the trial of the murder indictment, defendant was confronted with the answers given by him during his interrogation by the Assistant District Attorney on March 7, 1960. Moreover, a portion of that statement was read into the record in rebuttal, after defendant had given his testimony on the trial.

The use of the post-arraignment statement made on March 7, 1960, constituted reversible error. (*People* v. *Meyer*, 11 N Y 2d 162, affg. 14 A D 2d 241.) In *People* v. *Meyer*, this court and the Court of Appeals held that logically the admissibility into evidence of a post-arraignment statement should not be treated differently from a post-indictment statement which was interdicted in *People* v. *Waterman* (9 N Y 2d 561). Thus, the Court of Appeals concluded in *People* v. *Meyer* (p. 165) "that any statement made by an accused after arraignment not in the presence of counsel   *   *   *   is inadmissible".

The rationale of the decisions in *Spano* v. *New York* (360 U. S. 315); *People* v. *Di Biasi* (7 N Y 2d 544), and *People* v. *Waterman* (*supra*), and the extension of the reasoning in *People* v. *Meyer* (*supra*), permit no differentiation in the instant case because the statement made by defendant after arraignment was not inculpatory and was used only for impeachment purposes as prior inconsistent expressions by defendant. Evidence obtained from a defendant in the form of a statement at a pretrial stage, in the absence of counsel, may be equally damaging whether it is directly inculpatory or serves as a basis for impeachment. The vice in the use of such a statement consists in its having been obtained by secret interrogation of a defendant without the presence of counsel and thus being violative of the constitutional and statutory right of a defendant to the assistance of counsel at every stage of a criminal cause. Such procedure "contravenes the basic dictates of fairness in the conduct of criminal causes and the fundamental rights of persons charged with crime" (*People* v. *Waterman*, *supra*, p. 565).

Such a basic right of a defendant, which was crystalized in the holdings in *People* v. *Waterman* (*supra*) and *People* v. *Meyer* (*supra*), does not depend for its application upon fine spun distinctions as to whether the statements of a defendant, improperly obtained, are used for impeachment purposes or as direct evidence of guilt. Our courts have clearly articulated the principle that they will not tolerate anything savoring of unfair procedure in the trial of a criminal prosecution. If the use of a statement obtained from a person after arraignment on a criminal charge, without the presence of counsel, violates a constitutional right because of the method by which the statement was procured, then such statement should be excluded for all purposes in the trial of a defendant. And, in view of this basic consideration, it would make no difference that the defendant had not yet been arraigned on the homicide charge but had only been arraigned on the felonious assault charge. That is particularly true in the instant case, since both the felonious assault and homicide charges arose from the same series of events.

It requires no extended discussion to demonstrate the possibility of simple evasion of the rule in *People* v. *Meyer* by the expedient of arraignment on one charge, and the use of improperly obtained statements of an accused after such arraignment, upon an indictment subsequently obtained upon another charge. Fundamental rights of persons charged with crime should not rest upon such shifting and precarious foundations. An immutable rule should be announced to debar the use of all improperly obtained post-arraignment statements, irre-

spective of the identity of the charge upon which a defendant is being tried and the one on which he was arraigned. In my opinion *People* v. *Meyer* promulgated such a rule. Any doubts as to the extent of its application should be laid at rest to prevent prospective erosion of the rule by subtle procedural maneuvers.

That no objection was taken at the trial to the admission of the statements does not prevent this court from reversing the conviction. (Code Crim. Pro., § 527; *People* v. *Nixon*, 248 N. Y. 182, 189; *People* v. *De Jesus*, 11 A D 2d 711, 712.) The cases of *People* v. *Friola* (11 N Y 2d 157) and *People* v. *Wilson* (16 A D 2d 207), relied on by the respondent, are not applicable to the case at bar. There it was held that the failure of a defendant to object to the introduction of evidence obtained by alleged illegal search and seizure did not preserve the right to urge the point on appeal after the change in law effected by *Mapp* v. *Ohio* (367 U. S. 643). But in those cases not only was there no objection but no proof to show that the officers acted unlawfully in the search and seizure. However, in the instant case there is no question as to the impropriety of obtaining the statement of the defendant after his arraignment. Hence, the prejudicial use of the statement may be urged on appeal.

Additionally, there should be a reversal of the conviction herein because of the improper and prejudicial references by the prosecution to a knife, which was never introduced in evidence and was not shown to be connected with the crime. The knife, which was found in a closet in defendant's bedroom, was marked for identification by the prosecution. Although never physically shown to the jury, the knife was referred to in the examination of witnesses and in the prosecutor's summation. However, there was no proof that the knife was used in the homicide, or that defendant had handled it at the time of the killing. Since there was no evidence which fairly tended to connect the defendant with the knife, it was reversible error to permit the constant references to it.

In view of the prejudicial errors referred to above, the conviction should be reversed and a new trial granted.

Botein, P. J., McNally and Steuer, JJ., concur in *Per Curiam* opinion; Valente, J., dissents in opinion in which Stevens, J., concurs.

Judgment of conviction affirmed.