**UNITED STATES of America ex rel. Granville BOODIE, Relator-Appellant,**

**v.**

**Ross E. HEROLD, Director, Dannemora State Hospital, Dannemora, New York, Respondent-Appellee.**

**No. 537, Docket 29203.**

United States Court of Appeals Second Circuit.

Argued July 26, 1965.

Decided Aug. 6, 1965.

Lois P. Sheinfeld, New York City (Anthony F. Marra, New York City, on the brief), for relator-appellant.

Brenda Soloff, Deputy Asst. Atty. Gen., of New York, New York City (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., and Barry Mahoney, Asst. Atty. Gen., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and HAYS and ANDERSON, Circuit Judges.

LUMBARD, Chief Judge:

Granville Boodie appeals from the denial of his petition for a writ of habeas corpus wherein he challenges his 1960 New York state conviction for manslaughter. The petition was denied without a hearing by Judge Cannella in the United States District Court for the Southern District of New York, who found no violation of constitutional rights. At the same time the district judge granted a certificate of probable cause (28 U.S.C. § 2253) and leave to appeal *in forma pauperis* and he assigned counsel.

The sole ground urged by Boodie on this appeal is that the use at trial of portions of a statement made by him to police officers, when he was without the assistance of counsel, deprived him of his right to counsel under the Sixth Amendment. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964).

Boodie was arrested on February 27, 1960 and charged with felonious assault after a fight with Cecil Butler, the husband of the deceased, in the apartment shared by Butler, Boodie and their wives. Investigation after the fight disclosed the body of Mrs. Butler, who had died as a result of stab wounds. Boodie was arraigned on the felonious assault charge on the following day, February 28. On March 7, 1960, Boodie was paroled so that he could be taken into the custody of police officers investigating Mrs. Butler's death. Shortly thereafter, he made a non-incriminating statement, portions of which were used, without objection, to impeach Boodie's testimony at trial.

Boodie's conviction was affirmed by the Appellate Division, People v. Boodie, 16 App.Div.2d 904, 229 N.Y.S.2d 429 (1st Dept. 1962) (per curiam; two justices dissenting), and by the New York Court of Appeals, 12 N.Y.2d 963, 238 N.Y.S.2d 958, 189 N.E.2d 494 (1963) (per curiam). On these appeals, Boodie urged that his right to counsel had been abridged. Notwithstanding, we find that the requirement of 28 U.S.C. § 2254 that "applicant has exhausted the remedies available in the courts of the State" has not been fulfilled, as Boodie's claims on this appeal are based in large part on matters which were not before the State courts or before the district court.

The briefs on the state court appeals disclose that the record of the arraignment proceedings of February 28, 1960 were not before the courts.[1] The state courts have been given no opportunity to pass upon the alleged denial of counsel in light of a full record. Apparently, Boodie was represented by counsel at this hearing. The examination of that record, and perhaps the holding of a hearing, may cast more light on Boodie's statement to the court on his March 7th appearance, "Excuse me, Your Honor, where's my lawyer? I haven't seen him or my wife." The transcript of the March 7th proceedings were not before the state courts or the district court.

It is of primary importance that the facts regarding the assignment and availability of counsel be before the court which is asked to pass upon the claim

---

1. This transcript has not been made part of the record on this appeal. We think it inappropriate to accept such material, offered to us by Boodie's counsel on this appeal, despite the apparent willingness of the Attorney General to have us do so, as the proper place for the consideration of the relevant facts is in the state courts and not on an appeal to our court. Nor will we order that the case be remanded to the district court to reconsider the application in light of these new facts as it is conceded that no effort has been made to bring these facts to the attention of the state court.

that the constitutional rights to counsel and to protection against self-incrimination have been violated and to make findings concerning such claims. The state courts have not been given any opportunity to pass upon these important questions in the light of all the relevant facts. The doctrine of "exhaustion of state remedies" requires that the federal court refrain from acting until the state courts have been given that opportunity. See United States ex rel. Martin v. McMann, 348 F.2d 896 (2 Cir., July 23, 1965).

We therefore vacate the order denying the petition[2] with instructions to dismiss the petition, without prejudice of course to hearing another application if occasion for this should arise.

---

2. The result of our action is that there has been no binding federal determination of Boodie's claims, and the New York courts are free to consider these afresh. See United States ex rel. Martin v. McMann, supra.