Barshai ALLAH a/k/a Allah Barshai, Petitioner,

v.

Robert J. HENDERSON, Superintendent of Auburn Correctional Facility, Respondent.

No. 81 Civ. 3018 (MEL).

United States District Court, S. D. New York.

Nov. 23, 1981.

William E. Hellerstein, The Legal Aid Society, New York City, for petitioner; Henry Winestine, New York City, of counsel.

Robert Abrams, Atty. Gen. of N. Y., New York City, for respondent; Gerald J. Ryan, Asst. Atty. Gen., New York City, George C. Perry, Jr., Deputy Asst. Atty. Gen., of counsel.

LASKER, District Judge.

Petitioner, Barshai Allah ("Allah") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that his conviction was obtained in violation of his Sixth Amendment right to effective assistance of counsel. Allah was convicted of robbery, assault, and criminal possession of a weapon on September 7, 1977, following a trial by jury in the Supreme Court of New York County. The conviction was affirmed by the Appellate Division, First Department, *sub nom. People v. Barshai*, 72 A.D.2d 503, 420 N.Y.S.2d 526 (1979). Leave to appeal to the New York Court of Appeals was denied by certificate dated November 26, 1979.

Allah and his co-defendant, Wise Gillette ("Gillette") were arrested together approximately an hour after the robbery in question. According to the police officers' testimony, at the time of the arrest Allah and Gillette were in possession of property which was later determined to be the proceeds of the robbery. Prior to trial, Gillette, who was represented by separate counsel, moved to suppress the property found in his possession. A hearing was held on Gillette's suppression motion at which one of the arresting officers stated that Gillette and Allah were stopped "because they looked like two suspicious black males in a predominantly white neighborhood." Gillette's motion was granted on the grounds that, at the time of the stop, the police officers did not have "a founded suspicion or reasonable belief that the defendant was armed or otherwise engaged in any criminal activity." The indictment against Gillette was ultimately dismissed. Allah's attorney did not join in Gillette's motion to suppress, nor did he make a separate suppression motion after Gillette's motion was granted.

At Allah's trial, the only witnesses were the arresting officers, a witness to the arrest, and the victim. The victim was unable to identify Allah (see Trial Transcript at 55, Colloquy, Assistant District Attorney Kosloff: "Well, Judge, obviously this witness cannot make an identification.") There were no witnesses to the incident other than the victim. Thus, the only evidence presented at trial which linked Allah to the robbery was the stolen property.

Allah argues that in view of the fact that his co-defendant was arrested under circumstances which Allah contends to have

been identical with those of his own arrest, and that the co-defendant's motion for suppression of the evidence obtained pursuant to the arrest was granted, had Allah's attorney made a suppression motion, it would necessarily have been successful. Because the stolen property was the only evidence linking Allah to the crime, Allah concludes that his attorney's failure to move to suppress it constituted such gross incompetence that it violated his constitutional right to counsel.

The State argues that: 1) Allah had failed to exhaust his state remedies, as required by 28 U.S.C. §§ 2254(b) and (c); 2) Allah's counsel was not ineffective; and 3) in any event, Allah's claim is not cognizable in a federal habeas corpus proceeding under the rule of *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), as interpreted by *LiPuma v. Commissioner*, 560 F.2d 84 (2d Cir.), *cert. denied* 434 U.S. 861, 98 S.Ct. 189, 54 L.Ed.2d 135 (1977).

### I.

With respect to exhaustion, Allah argues that he has presented his claim to the Appellate Division, and that "once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Allah fails to note, however, that the *Picard* court explicitly distinguished the case before it, in which the exhaustion question turned on the adequacy of the petitioner's presentation of his *legal* claims to the state courts, from "a case in which *factual* allegations were made to the federal courts that were not before the state courts, see, e. g., *United States ex rel. Boodie v. Herold*, 349 F.2d 372 (CA2 1965)." 404 U.S. at 276, 92 S.Ct. at 512 (emphasis added). *Picard* "put aside consideration of" the type of case

exemplified by *Boodie*. *Id.* at 276, 92 S.Ct. at 513.

■■■■ In the instant case, the adequacy of Allah's presentation of his *legal* claims to the state court is not, and could not, be challenged. See Brief for Defendant-Appellant to the Appellate Division at 12–19.[1] However, the *factual* record before the state court and before this court is lacking, in specific, on the question of the reasons for Allah's counsel's failure to make a suppression motion. An attorney's motivation in doing or failing to do whatever it was that his erstwhile client relies on in claiming a deprivation of his Sixth Amendment rights is a critical factor in determining whether the right to effective assistance of counsel was denied. *United States v. Aulet*, 618 F.2d 182, 189 (2d Cir. 1980). If counsel's omission was motivated by a trial strategy, then, unless he was " 'so incompetent as to deprive the defendant of the right to effective assistance of counsel, his decision regarding trial strategy must be binding.' " *Id. citing United States ex rel. Cruz v. LaVallee*, 448 F.2d 671, 679 (2d Cir. 1971), *cert. denied*, 406 U.S. 958, 92 S.Ct. 2064, 32 L.Ed.2d 345 (1972). However, on this record, it is simply not possible to divine what strategy impelled counsel to refrain from making the suppression motion in question. In the absence of any clue as to counsel's motivation, the question of the adequacy of Allah's counsel cannot be properly resolved.

■■■■ In view of the need for further factual development, it is necessary to decide the question left open in *Picard* : whether the exhaustion requirement mandates that the additional facts be presented first to the state courts.[2] *United States ex rel. Boodie v. Herold*, 349 F.2d 372 (2d Cir. 1965), cited in *Picard*, enunciates the standard in the Second Circuit for exhaustion where the

---

1. The legal claim is deemed to have been fairly presented to the state court so long as the court's attention was directed to the substance of the claim. *See Twitty v. Smith*, 614 F.2d 325, 332 (2d Cir. 1979).

2. The case at bar differs from *Boodie, supra*, in that Allah has not *asked* the federal court to

hear facts not presented to the state court. However, our determination that additional facts are necessary in light of the nature of the claim and the Appellate Division's ruling, discussed *infra*, places this case in the same position as if Allah had requested their introduction.

record presented to the state courts lacked factual, as opposed to legal, material. *Boodie* held that the exhaustion requirement had not been met with respect to a petition claiming denial of Sixth Amendment rights, where the record of the relevant arraignment proceedings had not been provided to the state courts. The court found that "[t]he examination of that record, and perhaps the holding of a hearing, may cast more light" on petitioner's claim, *id.* at 373, yet the court explicitly refused to "order that the case be remanded to the district court to reconsider the application in light of these new facts," on the grounds that "the proper place for the consideration of the relevant facts is in the state courts," *id.* n. 1, and "[t]he state courts have been given no opportunity to pass upon the alleged denial of counsel in light of a *full record*." *Id.* (emphasis added).

More recently, the standard was reiterated in *Anderson v. Casscles*, 531 F.2d 682, 684 (2d Cir. 1976):

> When a habeas corpus petitioner has previously presented his claim to the state court, but presents additional facts to the federal court which materially alter the claim or crucially affect its determination, the petitioner must present this evidence to the state court before the federal court can entertain his petition.

*See also United States ex rel. Rogers v. LaVallee*, 463 F.2d 185, 187 (2d Cir. 1972) ("the state courts should have the opportunity of making the first determination of the precise legal issue on a full record"); *Nelson v. Moore*, 470 F.2d 1192, 1197 (1st Cir. 1972), *cert. denied* 412 U.S. 951, 93 S.Ct. 3017, 37 L.Ed.2d 1003 (1973) ("Failure to exhaust a state remedy may result where . . . though the legal issue was presented, the relevant factual allegations presented in the federal habeas proceeding were not before the state courts.")

The appropriateness of this determination is supported by the brief opinion of the

Appellate Division which heard Allah's direct appeal and denied his claim, "without prejudice to any post-conviction motion defendant may be advised to make based on a claim of ineffective representation by counsel. *See People v. Brown*, 45 N.Y.2d [852] 854, 410 N.Y.S.2d 287, 382 N.E.2d 1149 (1978)." 72 A.D.2d 503, 420 N.Y.S.2d 526 (1979). In *People v. Brown*, the New York Court of Appeals held that, while in rare cases ineffectiveness of counsel may be demonstrated on the main record, "in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10." [3] The Appellate Division citation to *People v. Brown* appears to indicate that the panel concluded, as we do, that the instant case is one in which an "evidentiary exploration" of the claim of ineffectiveness of counsel is indispensible.

For the reasons stated, the petition is dismissed for failure to exhaust state remedies.

## II.

In view of the disposition above, it is not necessary to write at length on the State's second argument—that *LiPuma v. Commissioner, supra*, precludes a habeas court from hearing a Sixth Amendment claim grounded on counsel's failure to make a suppression motion. In *LiPuma*, where counsel's alleged incompetence was evidenced by his failure to make a suppression motion until mid-trial, at which time it was barred as not timely, the court stated, in a footnote, "The fact the petitioner's claim is ostensibly grounded on the Sixth, rather than the Fourth Amendment does not negate *Stone* [*v. Powell*]'s applicability because at the heart of this case lies an alleged Fourth Amendment violation." 560 F.2d at 93 n. 6.

Were we writing on a fresh slate, we would conclude that *Stone*, which held that

---

**3.** N.Y. Criminal Procedure Law § 440.10(1)(h) (McKinney), the section under which Allah could move for post-conviction relief, provides that "[a]t any time after the entry of judgment, the court in which it was entered may, upon

motion of the defendant, vacate such judgment upon the ground that . . . the judgment was obtained in violation of a right of the defendant under the constitution . . . of the United States."

where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial

428 U.S. at 494, 96 S.Ct. at 3052 (footnote omitted) does not bar a federal habeas claim in which the allegation is that the petitioner has been denied a fair opportunity to litigate his claim due to the incompetence of his counsel; that is, that a bar against hearing a Fourth Amendment claim does not automatically preclude consideration of a Sixth Amendment claim which relates to a suppression matter.

Moreover, Allah's attempts to distinguish the *LiPuma* case from his own are not without force. Allah's Sixth Amendment claim is not a subterfuge, as the *LiPuma* court apparently perceived LiPuma's to be, *see LiPuma, supra,* at 93 n. 6 ("a Sixth Amendment claim has been added for good measure") and the failings of Allah's counsel appear, on this record, to be possibly more egregious than those of LiPuma's. In addition, Allah is correct in noting that the "full and fair consideration" standard of *Stone,* barely a year old at the time of *LiPuma,* has since been considerably elaborated, *see Gates v. Henderson,* 568 F.2d 830 (2d Cir. 1977), *cert. denied,* 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978), and that *LiPuma,* therefore, may not articulate the prevailing law on that standard. Finally, it is at least arguable that the *LiPuma* court's discussion of *Stone,* which appears in a brief, penultimate paragraph and footnote to a nine page opinion, was not an alternative holding, but merely dictum.

Nevertheless, as we read *LiPuma,* it appears to be binding in this case. The facts here, as noted above, are somewhat different than the facts before the *LiPuma* court, but *LiPuma's* statement of the law did not so focus on the facts that the case can be fairly read, as Allah argues, to be limited either to the situation of a less than egregious Sixth Amendment violation or a blatant attempt to evade *Stone.*

The petition is dismissed. Certificate of probable cause is granted.

It is so ordered.