Herman B. MORGAN,
Petitioner–Appellant,

v.

Norwood JACKSON, Commissioner of Correctional facility, Westchester County; Chairman of the New York State Parole Board; Robert Abrams, Attorney General of the State of New York, and Elizabeth Holtzman, District Attorney for Kings County, Respondents–Appellees.

No. 794, Docket 88–2421.

United States Court of Appeals, Second Circuit.

Argued Feb. 9, 1989.

Decided March 8, 1989.

Richard Ware Levitt, New York City, for petitioner-appellant.

Linda Breen, Asst. Dist. Atty., Brooklyn, N.Y. (Barbara D. Underwood, Asst. Dist. Atty., Brooklyn, N.Y., on the brief), for respondents-appellees.

Before FEINBERG, KEARSE, and WINTER, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner Herman B. Morgan, a New York State parolee, appeals from a final judgment of the United States District Court for the Eastern District of New York, Jack B. Weinstein, *Judge*, dismissing his petition under 28 U.S.C. § 2254 (1982), seeking habeas corpus relief on the ground that the court in his state trial for robbery violated his constitutional right to confront witnesses by cutting off his cross-examination of the prosecution's key witness. The district court dismissed the petition on its merits. We affirm the dismissal on the ground that Morgan has not exhausted his state court remedies.

## BACKGROUND

Morgan was convicted in Kings County Supreme Court in 1961 of the mugging robbery of Nestor Cruz. At the trial, Cruz testified as follows. Late one afternoon in January 1961, he was approached on a Manhattan street by a stranger whom he identified as Morgan. Morgan offered him $5 to help take some packages to Brooklyn. Cruz agreed and the two went by subway to Brooklyn. After they entered an apartment house and proceeded to the fifth floor, Morgan held a knife to Cruz's throat and took $48 from his wallet. Cruz chased Morgan down the stairs, scuffled with him, and retrieved the money. Morgan then fled, and Cruz went into a candy store and telephoned the police. After making the call, Cruz went home.

Some three weeks later, Cruz and a friend were in a subway in Manhattan when Cruz saw Morgan and identified him as his attacker. Morgan was arrested; in his possession was a knife that Cruz identified as the one used during the robbery. Cruz testified that at the police station, Morgan offered him money to drop the charges.

On cross-examination, Morgan's attorney questioned Cruz at some length about events on the day of the robbery. When counsel inquired into Cruz's actions immediately after the robbery, the following occurred:

Q In any event, after making this call to the police, you said you went home? A Yes, because they told me, "Don't stay around. He might come back."

THE COURT: Did the policeman come there?

THE WITNESS: No.

THE COURT: Did you go to the police station?

THE WITNESS: No.

BY MR. WALKER [Morgan's counsel]:

Q Did you say that the man in the police station said to you, "Get out of that neighborhood or the man will come back?" A No, I didn't say,—I said they told me to get out of the neighborhood or he might come back. Did I say who; no.

Q Didn't you say that somebody in the Police Department spoke with you? A I didn't.

MR. WALKER: I give up.

THE COURT: The remark of counsel, "I give up" is stricken from the record; and counsel is admonished at this time not to make any more comments of that kind. We don't care whether you give up or not.

MR. WALKER: I apologize, your Honor. I am sorry.

THE COURT: Don't pay any attention to that sort of remark, gentlemen of the jury. It doesn't have any tendency to prove the defendant guilty or innocent, what the lawyer says about giving up. What kind of a remark is that?

MR. WALKER: I am sorry. I made a mistake. It was not deliberate; you know that.

THE COURT: There is a limit to what the court may pass by.

MR. WALKER: May I continue?

THE COURT: You gave up. Sit down, please.

Thus ended Morgan's cross-examination of Cruz.

The prosecution's brief redirect examination addressed solely the questions of who had advised Cruz to leave the neighborhood, what he had said in his telephone call to the police, and whether he had been afraid when his assailant placed a knife to his throat. On recross-examination, Morgan's counsel asked Cruz only about his telephone conversation with the police.

The jury found Morgan guilty of robbery in the first degree, and he was sentenced to an indeterminate prison term of 15–30 years. On appeal, Morgan contended, *inter alia*, that the trial court had improperly cut off the cross-examination of Cruz. The Appellate Division affirmed without opinion, *People v. Morgan*, 16 A.D.2d 931 (2d Dep't 1962), and the New York Court of Appeals denied leave to appeal.

Morgan served some 10 years of this sentence in prison and then was paroled. As a result of subsequent events, he remains subject to parole for this conviction until May 15, 1996.

Morgan commenced the present habeas proceeding *pro se* in the district court in 1987. Although he had previously made other *pro se* applications for relief in state court and in federal court on several other grounds, his present claim of denial of confrontation because of the curtailed cross-examination was first raised in 1988 after the district court appointed counsel for him.

The district court dismissed the petition on its merits, noting that the cross-examination of Cruz had consumed nearly 30 pages prior to the trial court's ordering counsel to sit down, and that the attorney had not attempted to explore any other

matters on recross-examination. The court concluded as follows:

I understand the judge here was honorable Samuel S. Leibowitz. I have had cases involving the Honorable Samuel S. Leibowitz before me. He was arrogant and overpowering judge and it is not unlikely that this young defense counsel ... certainly was somewhat cowed.

However, I cannot say that the constitutional rights of this defendant were violated in this record.

The district court issued a certificate of probable cause, and this appeal followed.

## DISCUSSION

On appeal, Morgan pursues his contention that the state trial court violated his constitutional right of confrontation by cutting short his cross-examination of Cruz. He points out that the cross-examination had taken matters in chronological order and had not even reached the day on which Cruz spotted Morgan in the subway and caused his arrest; it thus had not probed Cruz's identification of Morgan and had not touched on Cruz's testimony that Morgan offered him a bribe following the arrest. Morgan argues that the record plainly indicates that his trial attorney wished to cross-examine Cruz further and that the trial court's peremptory curtailment of that examination violated his constitutional rights.

Morgan's argument that there were important untouched areas of Cruz's testimony that his counsel wished to cover on cross-examination is certainly plausible, and it is clear that the trial judge terminated cross-examination before those areas could be covered. Nonetheless, we do not reach the issue of whether the court's action violated Morgan's constitutional rights because we conclude that Morgan has not exhausted his state court remedies on this claim.

■ The exhaustion-of-remedies principle embodied in 28 U.S.C. §§ 2254(b) and (c) requires generally that a state prisoner or parolee seeking federal habeas review of his conviction first exhaust available state remedies. *See, e.g., Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General,* 696 F.2d 186, 190 (2d Cir.1982) (en banc). This means that, prior to seeking federal relief from his state court conviction, the petitioner must have given the state courts a fair opportunity to pass upon his federal claim. The state courts must have been informed of not just the legal but also the factual premises of the claim. *Id.* at 191. "Specifically, [the petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Id.*

Normally a claim is exhausted if the petitioner has presented the essential allegations in the direct appeals from his conviction. Where these assertions have not been presented on direct appeal, the petitioner has not exhausted his state remedies sufficiently to allow the federal court to entertain the petition if the claim may be presented in a collateral attack in state court. *See, e.g., Boodie v. Herold,* 349 F.2d 372, 373–74 (2d Cir.1965).

■ Although the exhaustion question in the present case is a close one, we conclude that Morgan has not given the state courts an adequate opportunity to consider the claim as he now presents it. While his brief on appeal to the Appellate Division argued that the trial court erred in curtailing the cross-examination of Cruz, it made only a terse and uninformative presentation. The one-page discussion of this point merely stated that counsel had been inquiring as to "the alleged phone call to the Police Department"; it described the colloquy that followed Cruz's "not entirely responsive" answers; and it termed the court's action "glaring error," arguing that it was "highly prejudicial to the defendant, considering the importance of [Cruz's] testimony," because "[c]ounsel was in the process of attacking Cruz's credibility, and in this case the jury must believe Cruz in order to warrant a conviction." The brief did not alert the state court that whole areas of Cruz's testimony thereby went unprobed. It did not point out that the

cross-examination had approached the events in chronological order; it did not even mention—and perforce did not identify and point out the importance of—the areas not yet reached when the examination was curtailed.

We conclude that the perfunctory presentation to the Appellate Division did not alert the state appellate court to the importance of the cross-examination Morgan was forced to forgo and may well have led that court to view any error in the curtailment of cross-examination as entirely harmless. Further, we are advised that though Morgan made two collateral attacks on his conviction in state courts, his present claim has never been included in such an attack.

Accordingly, we conclude that Morgan has not exhausted his state court remedies, and we affirm on that ground the judgment dismissing the petition.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.